IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAMON RUELAS CASTELLANO,

                  Petitioner,

    v.

TODD BLANCHE, Acting Attorney General
of the United States, MARKWAYNE MULLIN,
Secretary, U.S. Department of Homeland Security,
TODD M. LYONS, Acting Director,
Immigration and Customs Enforcement,
MARCOS CHARLES, Acting Executive
Associate Director for Enforcement and
Removal Operations, SAMUEL OLSEN,
Field Office Director for Enforcement and
Removal Operations, U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT, U.S. DEPARTMENT OF
HOMELAND SECURITY, SIRCE OWEN,
Acting Director of Executive Office of Immigration Review,
EXECUTIVE OFFICE OF IMMIGRATION REVIEW, and
MATHEW IZZARD, Sheriff of Douglas County,

                  Respondents.[1]

**OPINION AND ORDER**

26-cv-112-wmc

---

Petitioner Ramon Ruelas Castellano is presently in the custody of United States Immigration and Customs Enforcement ("ICE") at the Douglas County Jail in Superior, Wisconsin, and seeks a federal writ of habeas corpus under 28 U.S.C. § 2241, requiring his immediate release from unlawful detention. (Dkt. #1.) The federal officials who are reportedly responsible for his detention (collectively, "respondents") filed an opposing brief (dkt. #9), and petitioner filed a reply (dkt. #10). For the reasons that follow, the petition

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the court has substituted Todd Blanche in place of former Attorney General Pamela Jo Bondi and Markwayne Mullin in place of former DHS Secretary Kristi Noem.

must be dismissed, although some remedies may yet be available.

BACKGROUND

Petitioner is a citizen of Mexico who entered the United States unlawfully on or about July 14, 2021.  (Dkt. #1, ¶ 2.)  On August 2, 2025, he was arrested by ICE officers in Minnesota and detained pending removal proceedings.  While petitioner promptly requested a bond hearing, the presiding immigration judge denied that request, relying on a change in DHS policy after *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), which held that based on section 235(b)(2)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b)(2)(A), immigration judges lack authority to hear bond requests from or to grant bond to aliens present in the United States without inspection, treating all such aliens as applicants for admission subject to mandatory detention.

Specifically, § 1225 states that "[a]ll aliens . . . who are *applicants for admission* or *otherwise seeking admission* or readmission to or transit through the United States shall be inspected by immigration officers."  8 U.S.C. § 1225(a)(3) (emphasis added).  More specifically, under § 1225(b)(2), if the examining immigration officer determines that an alien seeking admission "is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending removal proceedings before an immigration judge.  8 U.S.C.  § 1225(b)(2)(A).  Accordingly, detention under § 1225(b)(2) is considered mandatory because individuals detained under § 1225 are not entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("[N]either § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.").

2

In contrast, 8 U.S.C. § 1226(a) governs detention of any noncitizen who is arrested on a warrant issued by the Attorney General while "already in the country." *Jennings*, 583 U.S. at 288-89. Such a noncitizen is entitled to the "usual removal process," including a wider range of due process protections. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). In particular, § 1226(a) provides that the Attorney General or his designee: (1) "may continue to detain the arrested alien"; (2) "may release" the alien on "bond"; or (3) "may release" the alien on "conditional parole." 8 U.S.C. §§ 1226(a)(1)-(2). An immigration officer makes this initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge. 8 C.F.R. § 1236.1(c)(8), (d)(1). At any such bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (quoting *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

In this case, after petitioner was denied a bond hearing by the immigration judge, he sought a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Minnesota, arguing that his detention was governed by § 1226(a), not § 1225(b)(2), entitling him to a bond hearing. A magistrate judge then recommended granting the petition, *see Ramon R.C. v. Olson*, No. 25-cv-3811, 2025 WL 3900425 (D. Minn.), *and* that recommendation was adopted on January 7, 2026, *see Ramon R.C.*, No. 25-cv-3811, 2026 WL 45113 (D. Minn.). As a result, the district court ordered

immigration officials to provide petitioner with a bond hearing within seven days. *Id.*

However, on January 12, 2026, after petitioner was provided a bond hearing under § 1226(a) before an immigration judge at the Fort Snelling Immigration Court in Minnesota, petitioner's bond request was denied on the basis of both risk of flight and danger to the community. Thus, petitioner remains detained while removal proceedings grind forward.

## OPINION

In this, his second federal habeas corpus proceeding, petitioner now argues that his bond hearing was a "sham," noting that his criminal history consists of only a single conviction for driving while intoxicated on January 25, 2025. He also reportedly presented evidence of rehabilitation efforts following that conviction, as well as evidence of "strong ties" to the United States, including: "ownership interests in three residential properties and three restaurants, longstanding residence in the community, and close family ties to U.S. citizen relatives."[2] Arguing further that he was arrested without probable cause or a valid warrant in violation of the Fourth Amendment and denied a bond hearing before an "unbiased decisionmaker," petitioner seeks his immediate release. In contrast, respondents argue that the petition must be dismissed because: (1) petitioner has not exhausted available administrative remedies, which he is currently pursuing; (2) petitioner's challenge to the immigration judge's decision to deny bond is barred from judicial review by 8 U.S.C.

---

[2] Petitioner does not present any of this evidence here, relying instead upon a declaration from the attorney who represented him at his bond hearing, who summarizes the evidence presented, but offers no details. (Edin Decl. (dkt. #1-1) ¶ 9).

§ 1226(e); (3) petitioner's allegations of bias are speculative, unsupported, and do not demonstrate a denial of due process, at least not standing alone; and (4) since petitioner is in removal proceedings, he cannot bring a Fourth Amendment challenge to his arrest in a habeas proceeding as a matter of law.

Because the court agrees that petitioner has failed to exhaust available administrative remedies for reasons discussed below, this opinion need go no further. Nevertheless, respondent correctly notes that petitioner may not challenge his warrantless arrest by immigration officials in this federal habeas corpus proceeding. As the Seventh Circuit explained in *Arias v. Rogers*, 676 F.2d 1139, 1142 (7th Cir. 1982), "once deportation proceedings have begun[,] the legality of the alien's detention" based on the absence of a warrant "can no longer be tested by way of a habeas corpus proceeding." *Id*. at 1143-44. Rather, the alien must obtain relief through "administrative remedies" in removal proceedings. *Id*. at 1143. This is because once an alien "[is] able to pursue" those administrative remedies, "detention [is] no longer so lawless as to allow a judge to free them under the habeas corpus statute." *Id*. Because petitioner is currently in removal proceedings, he has available administrative remedies to challenge his arrest, including the alleged violation of his rights under the Fourth Amendment, during those proceedings. *Rodriguez v. Olson*, 814 F. Supp. 3d 945, 955 (N.D. Ill. 2026); *Rojas Pedroza v. Olsen*, No. 1:26-cv-203, 2026 WL 531491, at *3 (S.D. Ind. Feb. 26, 2026). As a result, petitioner's claim that his arrest lacked a warrant or probable cause in violation of the Fourth Amendment is not actionable in this habeas corpus proceeding. *Rodriguez*, 814 F. Supp. 3d at 955 (citing *Arias*).

Regardless, because administrative remedies are available to petitioner, he must exhaust those remedies *before* filing a federal petition under 28 U.S.C. § 2241. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (noting that "common-law exhaustion rule applies to § 2241 actions").  When an immigration judge denies release on bond, that decision may be appealed to the Board of Immigration Appeals ("BIA").  *See* 8 C.F.R. § 1236.1(d)(3) ("An appeal relating to bond and custody determinations may be filed with the Board of Immigration Appeals[.]").  Indeed, respondent notes that petitioner has already availed himself of this process, having timely appealed the immigration judge's decision to deny bond, among other issues, and that appeal remains pending before the BIA.  While petitioner argues that requiring exhaustion would be futile because the result is predetermined "for reasons that are politically motivated," for this exception to apply a party must demonstrate that "it is certain that [his] claim will be denied on appeal, not merely that [he] doubts that an appeal will result in a different decision." *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996) (citation omitted).  Accordingly, petitioner's speculation that exhaustion would be futile, however well founded, is not sufficient to excuse exhaustion.  *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) (citing *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001)); *see also Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try.").

Finally, even if exhaustion were excused, the pending petition must be dismissed because judicial review of discretionary bond decisions, such as the one made in petitioner's case, is barred by statute.  In particular, 8 U.S.C. § 1226(e) states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or *denial of bond* or parole.

8 U.S.C. § 1226(e) (emphasis added).  There is no question that bond hearings under § 1226(a) are discretionary and that, in petitioner's case, the immigration judge considered evidence before deciding whether he posed a risk of flight or a danger to the community before denying release on bond.  Thus, judicial review of that decision appears to be precluded by § 1226(e).  *See Jennings*, 583 U.S. at 295 ("[Section] 1226(e) precludes an alien from 'challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release.") (quoting *Demore v. Kim*, 538 U.S. 510, 516 (2003)); *see also Parra v. Perryman*, 172 F.3d 172 F.3d 954, 957 (7th Cir. 1999) ("[Section 1226(e)] precludes review of the Attorney General's decision to deem [an alien] ineligible for release under § 1226(c)(2) (*or any other source of authority to grant bail*).") (emphasis added).  In light of this apparent bar imposed by § 1226(e), the court may not consider petitioner's argument that the bond hearing he received was a "sham" and violated due process, which would require the court to review the validity of the immigration judge's discretionary decision to deny bond.[3]

---

[3] Petitioner seeks wide-ranging discovery in support of his claim of bias by the immigration judge who denied his request for a bond, including answers to interrogatories and production of documents reflecting bond decisions by the immigration judge in his case, as well as the BIA, and internal memoranda circulated by the Executive Office for Immigration Review.  (Dkt. #11.)  Respondents oppose that request, arguing petitioner's allegations of bias are speculative and do not demonstrate "good cause" required for discovery to take place in a habeas proceeding, noting that judicial rulings alone do not demonstrate judicial bias.  (Dkt. #12.)  Speculation is not sufficient to show good cause for discovery in a habeas case.  *Famous v. Fuchs*, 38 F.4th 625, 632 n.24 (7th Cir. 2022).  Nevertheless, because the petition must be dismissed, petitioner's discovery motion will be denied as moot.

The court hastens to add that petitioners who allege that their bond hearing was a "sham" or the denial of bond was fundamentally unfair may seek relief from the district court that ordered officials to provide them with a bond hearing in the first place. *See Shonhai v. Lowe*, No. 3:24-cv-229, 2026 WL 538865, at *8 (M.D. Penn. Feb. 26, 2026) (discussing a district court's authority to enforce compliance with its writ of habeas corpus directing immigration officials to provide petitioner with a bond hearing) (citations omitted), *appeal filed* No. 26-1566 (3d Cir. March 17, 2026); *see also Garcia Ortiz v. Henkey*, No. 1:26-cv-43, 2026 WL 948275, at *2-3 (D. Idaho Apr. 7, 2026) (discussing the district court's jurisdiction to review the adequacy of a bond hearing that it had directed immigration officials to afford under its authority to enforce a previous order); *Serrano v. Hagan*, No. 1:26-cv-1641, 2026 WL 1396534, at *4 (D. Colo. May 19, 2026) (concluding that the immigration judge did not comply with the court's prior order to provide petitioner with a bond hearing and granting relief in petitioner's favor). Here, the United States District Court of Minnesota issued the order for a bond hearing, not this court. Accordingly, any remedy available to petitioner must be sought in that court, not here.

For all the reasons set forth above, the court will dismiss this action without prejudice.

ORDER

IT IS ORDERED that:

1) The petition for a writ of habeas corpus filed by Ramon Ruelas Castellano (dkt. #1) is DISMISSED without prejudice, as set forth above.

2) Petitioner's motion for discovery (dkt. #11) is DENIED.

8

3) The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 28th day of May, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge